**STEM v. RICHARDSON**

[350 N.C. 76 (1999)]

WILLIAM MICHAEL STEM AND EDWARD N. KEETON v. GILL RICHARDSON, INDIVIDUALLY AND AS THE AGENT FOR NORTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY; AND NORTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY

No. 153PA98

(Filed 4 March 1999)

**Appeal and Error— service of judgment by mail—motion for new trial—time for service—tolling of time for serving notice of appeal**

Under Appellate Procedure Rule 58, the moving party is entitled to three additional days to file a motion for a new trial pursuant to Rule of Civil Procedure 59 if service of the judgment was made by mail, thus allowing the moving party a total of thirteen days from the date that the judgment was entered to serve by mail a motion for a new trial rather than the ten-day period provided in Rule 59(b). Where the judgment prepared by plaintiffs was entered without a certificate of service attached, defendants received the judgment by mail, and defendants served their Rule 59 motion for a new trial nine days after receiving the judgment in the mail and twelve days after the judgment was entered, the Rule 59 motion was timely served and tolled the running of the time for filing and serving a notice of appeal. N.C. R. App. P. 58; N.C.G.S. § 1A-1, Rule 59(b).

On writ of certiorari pursuant to N.C.G.S. § 7A-32(b) of a per curiam, unpublished decision of the Court of Appeals, 128 N.C. App. 754, 498 S.E.2d 209 (1998), dismissing defendants' appeal of a 26 July 1996 judgment and a 13 November 1996 order entered by Stephens (Donald W.), J., in Superior Court, Granville County. Heard in the Supreme Court 14 January 1999.

*Everett, Gaskins, Hancock & Stevens, L.L.P., by Hugh Stevens, for plaintiff-appellees.*

*Haywood, Denny & Miller, L.L.P., by George W. Miller, Jr., and John R. Kincaid, for defendant-appellants.*

ORR, Justice.

The underlying matter was tried before a jury at the 22 April 1996 session of Superior Court, Granville County. On 26 April 1996, the

jury returned a verdict for plaintiffs, and on 27 June 1996, the trial court entered an order awarding plaintiffs costs and attorney's fees. Plaintiffs' counsel subsequently prepared a judgment incorporating the jury verdict and the trial judge's award of costs and attorney's fees. This judgment was delivered to the trial judge and was signed out of session, out of term, and out of county. The signature on the judgment is not dated; thus, we cannot discern when the judgment was signed by the trial judge.

The judgment was mailed to the Clerk of Superior Court for Granville County, without a certificate of service attached, and was entered on 26 July 1996. A copy of the signed and date-stamped judgment was delivered by United States mail to defendants' counsel's office on 29 July 1996, again without certificate of service attached.

On 7 August 1996, defendants served plaintiffs with a motion for new trial pursuant to Rule 59 of the North Carolina Rules of Civil Procedure. This motion was denied by order dated 13 November 1996. The defendants subsequently filed a notice of appeal, which the parties stipulated in the record on appeal was timely filed, and on 2 June 1997, defendants filed their record on appeal in the Court of Appeals. The Court of Appeals, on 3 March 1998, in a per curiam, unpublished decision, dismissed defendants' appeal on its own motion. The Court of Appeals reasoned that because the trial court entered its judgment on 26 July 1996, and defendants served a motion for a new trial on 7 August 1996, defendants failed to serve the motion within the ten-day requirement of Rule 59(b). Therefore, the Court of Appeals concluded defendants did not toll the running of the time for filing and serving a notice of appeal and the notice of appeal was therefore not timely filed pursuant to Rule 3 of the North Carolina Rules of Appellate Procedure.

Defendants filed a petition for writ of certiorari on 16 April 1998, and this Court allowed the petition on 8 October 1998.

Specifically, defendants argue that the Court of Appeals failed to properly apply Rule 58 of the North Carolina Rules of Civil Procedure as it interacts with Rule 59 and Rule 3 of the North Carolina Rules of Appellate Procedure.

Rule 58 provides, in pertinent part:

> Subject to the provisions of Rule 54(b), a judgment is entered when it is reduced to writing, signed by the judge, and filed with the clerk of court. The party designated by the judge or, if the

judge does not otherwise designate, the party who prepares the judgment, shall serve a copy of the judgment upon all other parties within three days after the judgment is entered. Service and proof of service shall be in accordance with Rule 5. If service is by mail, three days shall be added to the time periods prescribed by Rule 50(b), Rule 52(b), and Rule 59. All time periods within which a party may further act pursuant to Rule 50(b), Rule 52(b), or Rule 59 shall be tolled for the duration of any period of noncompliance with this service requirement, provided however that no time period under Rule 50(b), Rule 52(b), or Rule 59 shall be tolled longer than 90 days from the date the judgment is entered.

N.C.G.S. § 1A-1, Rule 58, para. 1 (Supp. 1997).

Rule 59(b) provides that "[a] motion for a new trial shall be served not later than 10 days after entry of the judgment." N.C.G.S. § 1A-1, Rule 59(b) (1990). According to the clear language of Rule 58, the moving party is entitled to three additional days to file a motion for a new trial pursuant to Rule 59 if service of the judgment was made by mail. Therefore, the moving party is allowed a total of thirteen days from the date that the judgment is entered to serve by mail a motion for a new trial, rather than the ten-day period provided in Rule 59(b).

Applying this rule to the case at bar, the judgment was entered on 26 July 1996 without a certificate of service attached. Defendants received the judgment by mail on 29 July 1996, still lacking an attached certificate of service. Defendants served their Rule 59 motion for new trial on 7 August 1996, nine days after receiving the judgment in the mail and twelve days after the judgment was entered. Thus, we find that the Rule 59 motion was timely served when the three days are added to the ten days allowed by Rule 59.

Therefore, we conclude that the Court of Appeals erred in dismissing defendants' appeal. Accordingly, the decision of the Court of Appeals is reversed, and the case is remanded to the Court of Appeals.

REVERSED AND REMANDED.

Justice MARTIN did not participate in the consideration or decision of this case.